IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DERRICK ANTHONY MOORE, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Dr. AIKENS, ELAINE HUTTO, MARK GILBERT, SAM OLENS, and MITCHELL COUNTY, | : | NO. 1:12-CV-81 (WLS) |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **DERRICK ANTHONY MOORE**, an inmate at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

The Prison Litigation Reform Act ("PLRA") provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: the doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has exceeded the "three strikes" allowed by the PLRA. *See Moore v. Flournoy*, 1:08-CV-2496-RLV (N.D. Ga.)(complaint dismissed as frivolous Feb. 10, 2009); *Moore v. Bertolo*, 1:04-CV-3731-CAP (N.D. Ga.)(complaint dismissed as frivolous Mar. 2, 2005); *Moore v. Tinney*, 1:04-CV-2174-CAP (N.D. Ga.)(complaint dismissed for failure to state a claim Oct. 25, 2004); and *Moore v. Bertolo*, 1:04-CV-2173-CAP (N.D. Ga.)(appeal dismissed as frivolous Jan. 8, 2007).

Because Plaintiff has had at least four prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff claims that Dr. Aikens and Elaine Hutto have discontinued his blood pressure medications, Norvasc and Lopresser. As a result, Plaintiff complains he suffers from dizziness, chest pain, blurred vison, and an irregular heartbeat. Plaintiff states that he may suffer a stroke or heart attack without his blood pressure medications.

These are the same allegations that Plaintiff made in *Moore v. Aikens*, 1:10-CV-64 (WLS), which was filed in this Court on May 10, 2010. In that case, the Court found that Plaintiff may be in "imminent danger of serious physical injury" as a result of the discontinuation of his blood pressure medication. The Court allowed the action to proceed and the case was ultimately dismissed without prejudice on February 28, 2011 for Plaintiff's failure to exhaust administrative remedies. Plaintiff appealed and the appeal was dismissed for failure to prosecute.

Apparently Plaintiff has now exhausted his administrative remedies.

The Court notes that Plaintiff's claim regarding the discontinuation of his blood pressure

medications arose April 10, 2010. This was over two years prior to the filing of the current Complaint. This considerable period of time severely undercuts any showing of imminency. However, the Court is aware that when conducting the imminent danger inquiry based solely on a *pro se* plaintiff's complaint, the complaint must be "construe[d] liberally and the allegations . . . accept[ed] as true." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).

Therefore, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* as to this one claim and request for equitable relief against Defendants **AIKENS** and **HUTTO** only.

Plaintiff also complains that Defendants Sam Olens and Mark Gilbert are "conspiring to deny due process" and "continue to obstruct 'the due course of justice'." (ECF No. 1 at 4). He claims that he is being denied due process in the Georgia Supreme Court and that these Defendants refuse to resolve his habeas corpus action filed in Mitchell County. Although unclear, Plaintiff apparently hopes to bring these claims within the "imminent danger of serious physical injury" exception by stating that he suffers "bullet fragments from arrest" and that he is not being treated "due to [a] conspiracy of Cobb County Doctors and Police Officer's (sic)." (ECF No. 1 at 4). These allegations fail to show any "imminent danger." Moreover, Attorney General Sam Olens, District Attorney Mark Gilbert, and Mitchell County have nothing to do with the medical care that Plaintiff is receiving (or allegedly failing to receive) at Autry State Prison.

Therefore, it is **RECOMMENDED** that Defendants Sam Olens, Mark Gilbert, and Mitchell County be **DISMISSED WITHOUT PREJUDICE** from this action. Plaintiff may, if he wishes, initiate a new lawsuit naming these Defendants by filing a new complaint and paying the full filing

fee. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order and Recommendation.

Plaintiff also cannot obtain much of the relief he requests in this lawsuit. Money damages, as opposed to equitable relief, have nothing to do with "imminent danger" but merely seek to compensate a party for unconstitutional conduct that occurred in the past. *See McGee v. Williams*, No. 2:04-CV-159, 206 U.S. Dist. LEXIS 11597 at *3 (M. D. Fla. March 7, 2006). Additionally, "immediate release" from prison is not a remedy that is available in a 42 U.S.C. § 1983 action at all. *Preiser v. Rodriquez*, 411 U.S. 475 (1973).

Therefore, it is **RECOMMENDED** that Plaintiff's request for "$250,000,000 million dollars for pain and suffering" be **DISMISSED WITHOUT PREJUDICE** from this action. Plaintiff may, if he wishes, initiate a new lawsuit seeking money damages by filing a new complaint and paying the full filing fee. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). It is also **RECOMMENDED** that Plaintiff's request for "immediate release" from prison be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order and Recommendation.

In conclusion, only Plaintiff's Eighth Amendment claim seeking equitable relief shall go forward against Defendants Aikens and Hutto.

It is hereby **ORDERED** that service be made against Defendants Dr. Aikens and Elaine Hutto and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is

represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

<u>**DISCOVERY**</u>

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery

is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance

with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 25th day of June, 2012.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb