**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

DERRICK ANTHONY MOORE,              :
                                    :
        Plaintiff,                  :
                                    :
VS.                                 :        **1 : 12-CV-81 (WLS)**
                                    :
DR. AIKENS, and                     :
ELAINE HUTTO,                       :
                                    :
        Defendants.                 :
_____:

### ORDER AND RECOMMENDATION

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Defendants' Motion to Dismiss, and Plaintiff's Motion for Default Judgment, and Motion for Summary Judgment.   (Docs. 14, 16, 21).

### Background

In his Complaint, Plaintiff alleges that Defendants Dr. Aikens and Elaine Hutto, employees of Autry State Prison ("ASP"), have discontinued Plaintiff's blood pressure medications, Norvasc and Lopresser.   (Doc. 1).   As a result, Plaintiff states that he is suffering from dizziness, chest pain, blurred vision, and an irregular heartbeat.

***Motion for Default Judgment (Doc. 14)***

Plaintiff filed a Motion for Default Judgment on September 26, 2012, seeking a default judgment based on Defendants= failure to defend this action.   "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party=s default."   Fed. R. Civ. P. 55(a).

The entry of default or default judgment is not appropriate in this case.   Defendants were sent waiver of service forms on August 15, 2012.   (Docs. 11-12).   Defendants returned signed

waiver of service forms dated October 3, 2012.   (Docs. 22-23).   Defendants then had sixty (60) days from the date the waiver of service forms were mailed to them to file a response to Plaintiff's Complaint.   Fed. R. Civ. P. 4(d)(3).

Defendants were required to file a response by October 14, 2012, which was a Sunday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), because October 14, 2012 fell on a Sunday, Defendants had until October 15, 2012 to file a response to Plaintiff's Complaint. Defendants timely filed a Motion to Dismiss on October 15, 2012 (Doc. 16), and therefore, did not fail to plead or defend this action.   Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Motion to Dismiss (Doc. 16)*

Defendants' filed a Motion to Dismiss on October 15, 2012, asserting, in part, that Plaintiff's Complaint should be dismissed because Plaintiff has not exhausted the administrative remedies available to him.   The Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.   The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative
> remedies is a two-step process. First, the court looks to the factual
> allegations in the defendant's motion to dismiss and those in the
> plaintiff's response, and if they conflict, takes the plaintiff's version
> of facts as true.  If, in that light, the defendant is entitled to have
> the complaint dismissed for failure to exhaust administrative
> remedies, it must be dismissed. . . . If the complaint is not subject to
> dismissal at the first step, where the plaintiff's allegations are
> assumed to be true, the court then proceeds to make specific
> findings in order to resolve the disputed factual issues related to
> exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motion and Plaintiff's Responses reveals a conflict.   In his Responses, Plaintiff states that he exhausted his administrative remedies. (Docs. 20, 26).   Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims alleged against Defendants. (Doc. 17).   Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the *Turner* analysis.   In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit.   *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).   "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Id.* at 89-92; *see also Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).   To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI; (Doc. 17-1, Ross Affidavit, ¶ 8;).

Defendants contend, and support with an affidavit from Sakita Ross, the Grievance Coordinator at ASP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Complaint. (Doc. 17-1, Ross Affidavit).   The affidavit testimony establishes the presence of a grievance system at ASP, and that Plaintiff filed ten grievances while housed at ASP, copies of which Defendants have provided to the Court.   (*Id.*; Doc. 17-1, pp. 24-55).

Plaintiff filed grievance numbers 3810, 19144, 23199, 33907, 94675, and 129212 to grieve various prison complaints.   (Doc. 17-1, Ross Affidavit, ¶¶ 15 – 17, 19, 22, 24).   These grievances make no reference to the claims alleged in Plaintiff's Complaint, and therefore exhaustion of these grievances is not relevant to the question of whether the claims alleged in Plaintiff's Complaint were properly exhausted.

On December 8, 2009, Plaintiff filed formal grievance number 33903 requesting that he receive blood pressure medication and Ibuprofen.   (Doc. 17-1, Ross Affidavit, ¶ 18).   It appears this formal grievance was denied.   (*See* Doc. 17-1, p. 31).   There is no evidence that Plaintiff filed either an informal grievance or an appeal.   As such, Plaintiff failed to exhaust formal grievance 33903.

Plaintiff filed informal grievance number 47552 on April 13, 2010 to complain that medical refused to refill his blood pressure medication.   (Docs. 17-1, Ross Affidavit, ¶ 20; 17-1, p. 36).   The informal grievance was not resolved, and Plaintiff filed a formal grievance.   (Docs. 17-1, Ross Affidavit, ¶ 20; 17-1, pp. 37-38).   The formal grievance was denied, and Plaintiff did not file an appeal.   (Docs. 17-1, Ross Affidavit, ¶ 20).   Accordingly, Plaintiff did not exhaust grievance 47552.

Plaintiff filed informal grievance numbers 99834 and 98404 alleging that he had filed a

4

grievance in April to have his medication renewed, but his medications had been stopped by Defendants.   (Docs. 17-1, Ross Affidavit, ¶¶ 21, 23; 17-1, pp. 45, 51).   Both informal grievances were rejected because they were filed out of time.   (Docs.17-1, Ross Affidavit, ¶¶ 21, 23; 17-1, pp. 46, 52).   There is no evidence to show that Plaintiff filed formal grievances and appeals, and therefore he did not exhaust either grievance 99834 or 98404.

In his Responses to Defendants' Motion to Dismiss, Plaintiff states that he exhausted the grievance process, and directs the Court to case 1:10-CV-64 (WLS).   (Docs. 20, 26).   Plaintiff has not filed any evidence in this case which shows that he has exhausted his administrative remedies.   Further, in its Initial Review, the Court noted that case number 1:10-CV-64 (WLS) was dismissed due to Plaintiff's failure to exhaust his administrative remedies.   (Doc. 6, p. 2). As such, Plaintiff has failed to refute Defendants' evidence that Plaintiff failed to exhaust the administrative remedies available to him.

The Court finds that Plaintiff has not exhausted the claims underlying this lawsuit, in that, he failed to utilize the available administrative remedies to grieve the alleged subject offenses of Defendants.   Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

### *Motion for Summary Judgment (Doc. 21)*

Plaintiff filed a Motion entitled "Summary Judgment" on October 24, 2012.   While Plaintiff states that he is seeking summary judgment against Defendants in the first sentence of this

Motion, his conclusion requests "a trial or settlement".   As it is unclear what relief Plaintiff is requesting and as the undersigned has recommended dismissal of this case, Plaintiff's "Summary Judgment" Motion is hereby **DENIED**.

      **SO ORDERED AND RECOMMENDED**, this 10th day of June, 2013.

                        s/ ***THOMAS Q. LANGSTAFF***
                        **UNITED STATES MAGISTRATE JUDGE**