**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DERRICK ANTHONY MOORE, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-cv-81 (WLS) |
| Dr. AIKENS and ELAINE HUTTO, | : |
| Defendants. | : |

**ORDER**

This is a 42 U.S.C. § 1983 case against medical professionals at the Autry State Prison for the alleged unconstitutional denial of Plaintiff Derrick Anthony Moore's blood-pressure medication. (Doc. 1.) Before the Court is a June 10, 2013 Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff on Moore's Motion for Default Judgment (Doc. 14) and Motion for Summary Judgment (Doc. 21) and Defendants' Motion to Dismiss (Doc. 16.) The magistrate judge recommends that the Court deny Moore's motions and grant Defendants'. Moore filed a timely objection to the recommendation. After a *de novo* review of the motions and recommendation, the Court adopts the recommendation and dismisses the complaint.

The Court turns first to Moore's Motion for Default Judgment. Moore moved for a default judgment on September 16, 2012, because "the summons and complaint were duly served the 25th day of June 2012 [and] no answer or other defense has been filed by defendant's [sic]." (Doc. 14.) The Court agrees with the magistrate judge that this motion must be denied. Contrary to Plaintiff's assertion, the record reflects that neither Plaintiff nor the U.S. Marshals Service personally served Defendants. (*See* Docket.)

1

Rather, Defendants returned a waiver of service on October 17, 2013. (Doc. 22.) A defendant who had never been served cannot be in default. *See In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003); *see also Woods v. Harrell*, No. CV 307-030, 2008 WL 1817634, at *2 (S.D. Ga. Apr. 21, 2008) ("[D]efault and default judgment are not the relief provided by Federal Rule 4 for failing to timely return a waiver.").

The Court also agrees with the magistrate judge that Moore failed to exhaust his administrative remedies. "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Although Moore made several grievances regarding his medication, he never exhausted the three-step grievance process. For example, in Grievance Nos. 33903, 47552, 99834, and 98404, Moore made unsuccessful complaints about his blood-pressure medicine; he never appealed any of these grievances.

Moore claims he exhausted his administrative remedies, or should be excused from doing so, for several reasons. First, he points the Court to *Moore v. Aikens et al*, 1:10-cv-64 (WLS), a case where he made similar claims against the same defendants. The filings in that case not only fail to establish exhaustion, but also show the lack thereof. This Court actually dismissed Moore's complaint in 1:10-cv-64 for failure to exhaust administrative remedies. Second, Moore now apparently claims, for the first time, that that his counselor refused to mail his grievance appeal and the warden put the wrong date on his grievance form. The Court finds this claim wholly incredible. The timing of this argument, Moore's failure to support it by evidence or even sworn

2

statement, and the fact that Defendant's evidence contradicts it, all evince a lack of any indicia of reliability.

Therefore, upon full review and consideration of the record, the Court finds that the magistrate judge's Order and Recommendation (Doc. 28) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made Order of this Court for reason of the findings made, reasons stated, and conclusions therein, together with the findings made, reasons stated, and conclusions reached herein. Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**. Moore's motion for default judgment (Doc. 14) is **DENIED**. Finally, because the Court grants Defendants' motion to dismiss, the Court agrees with the magistrate judge that Moore's motion for summary judgment (Doc. 21) must also be denied. It is **DENIED**.

**SO ORDERED**, this   25th   day of June 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**