**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| DERRICK ANTHONY MOORE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:12-cv-81 (WLS) |
| | : | |
| Dr. AIKENS and | : | |
| ELAINE HUTTO, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court are Plaintiff Derrick Anthony Moore's Motion for Relief From Judgment (Doc. 32), Motion for Reconsideration/Relief From a Judgment (Doc. 34), and a Motion for Reconsider/Relief From Judgment (Doc. 36). These motions all seek relief from the Court's June 25, 2013 Order dismissing Moore's case for failure to exhaust administrative remedies. All must be denied.

Under Federal Rule of Civil Procedure 60, a court may relieve a party from final judgment for, among other reasons, mistake, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citation omitted).

In his first Motion for Relief From Judgment (Doc. 32), Moore apparently contends he exhausted his administrative remedies because the prison officials had an opportunity to address his complaint internally but failed to do so. This argument is without merit. As already discussed in the Court's previous Order, Moore failed to

1

*complete* the three-step grievance process for any of the claims at issue in this case. So the fact that he started the grievance process does not alone warrant relief from judgment. *See Woodford v. Ngo*, 548 U.S. 81, 92–103 (2006).

Moore claims in his second motion that the three-step process was unavailable, as evidenced from his "newly discovered evidence." Moore's new evidence is a letter from the prison dated August 1, 2013, directing him to discuss his medical treatment with his counselor. Moore claims this letter proves the unavailability of the grievance process. But because the letter has nothing to do with the grievance process, it is not "new evidence" warranting relief from judgment.

Finally, in his third motion, Moore again claims the grievance process was unavailable. This time, Moore failed to provide any evidence to substantiate his claim. Moreover, the fact that Moore availed himself of various stages of the grievance process—without ever completing the process—contradicts his claim that the process was unavailable.

For those reasons, all of Moore's motions (Docs. 32, 34, 36) are **DENIED**.

**SO ORDERED**, this ___11th___ day of December, 2013.

  ___/s/ W. Louis Sands_____
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**