IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DERRICK ANTHONY MOORE, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-cv-81 (WLS) |
| Dr. AIKENS and ELAINE HUTTO, | : |
| Defendants. | : |

## ORDER

Before the Court is Plaintiff Derrick Anthony Moore's Motion for Reconsideration. (Doc. 38.) Moore seeks relief from judgment under Federal Rule of Civil Procedure 60 on the ground that he now has evidence that the administrative grievance procedure is unavailable at Autry State Prison. The instant motion is Moore's fourth motion for reconsideration.

Under Federal Rule of Civil Procedure 60, a court may relieve a party from final judgment for, among other reasons, mistake, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Moore apparently moves for relief under Rule 60(b)(2), which provides relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. Fed. R. Civ. P. 60(b)(2). The Eleventh Circuit has held that a movant under Rule 60(b)(2) must show that (1) the evidence was newly discovered, (2) he exercised due diligence to discover the new evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence must be such that reconsideration of the final judgment would probably produce a new result. *In re Consorcio Ecuatoriano de Telecomunicaciones*

1

*S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1001 (11th Cir. 2012)."Motions under Rule 60(b) are directed to the sound discretion of the district court . . . ." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citation omitted).

Moore fails to satisfy several of these elements. First, the documents Moore provides were issued to the prison population prior to the entry of judgment, so it would appear that the evidence is not "newly discovered." Second, the evidence is immaterial. Nothing in the newly provided documents suggests that grievance procedure was unavailable. Moore claims the documents show that counselors are unavailable to inmates in dorms, but the memorandum suggests otherwise. It shows that inmates see counselors on a scheduled basis. The documents Moore provides simply do not stand for the proposition he claims. The evidence would not produce a different result.

For those reasons, Moore's motion (Doc. 38) is **DENIED**.

**SO ORDERED**, this   3rd   day of January, 2014.

　　　　　　　　　　　　　　　　　  /s/ W. Louis Sands  
　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, JUDGE**  
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**