IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DERRICK ANTHONY MOORE, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-cv-81 (WLS) |
| Dr. AIKENS and ELAINE HUTTO, | : |
| Defendants. | : |

## ORDER

Before the Court are Plaintiff Derrick Anthony Moore's motions for relief from judgment. (Docs. 40, 41, 42.) In the motions, Moore continues to seek relief from the Court's June 25, 2013 Order dismissing this action for failure to exhaust administrative remedies. Moore continues to claim the grievance process is unavailable at the Autry State Prison. This time he provides correspondence from the prison Offender Staff Communication Committee and a letter from the Department of Justice acknowledging receipt of Moore's letter. Moore has now filed seven motions for relief from judgment.

Under Federal Rule of Civil Procedure 60, a court may relieve a party from final judgment for, among other reasons, mistake, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Moore apparently moves for relief under Rule 60(b)(2), which provides relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. Fed. R. Civ. P. 60(b)(2). The Eleventh Circuit has held that a movant under Rule 60(b)(2) must show that (1) the evidence was newly discovered, (2) he exercised due diligence to discover the new evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is

1

material, and (5) the evidence must be such that reconsideration of the final judgment would probably produce a new result. *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1001 (11th Cir. 2012). "Motions under Rule 60(b) are directed to the sound discretion of the district court . . . ." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citation omitted).

Moore fails to satisfy several of these elements. Most obviously, Moore's evidence would not produce a different result. The fact that another inmate complained about the grievance process or that Moore himself wrote to the DOJ—apparently after the entry of judgment—simply does not show the grievance process was unavailable. The record reflects that Moore availed himself of the grievance procedure on multiple occasions prior to filing this lawsuit but failed to complete the process. As such, his claim is unexhausted, and his "newly discovered" evidence does nothing to undermine that conclusion.

For those reasons, Moore's motions (Doc. 40, 41, 42) are **DENIED**.

**SO ORDERED**, this ___2nd___ day of May, 2014.

            /s/ W. Louis Sands
            **W. LOUIS SANDS, JUDGE**
            **UNITED STATES DISTRICT COURT**